Rosa Carreras y Freyres et al., Plaintiffs and Appellees, *v.* José E. Pérez et al., Defendants and Appellants.—Rosa Carreras y Freyres et al., Plaintiffs and Appellees, *v.* José E. Pérez et al., Defendants and Appellants.

Nos. 4542 and 4543. Argued April 9, 1928.—Decided May 31, 1928.

236

*J. Tous Soto* and *J. Pérez Cordero* for the appellants. *A. Marín* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On March 14, 1928, Rosa, Juana, Belén, Mercedes, Adela and María Carreras appeared by their attorneys before this Supreme Court and made two motions under the above titles. The facts therein alleged are identical. In each of them the court is asked: "A.—To hold that there is no appeal in the present case. B.—To declare the appeal null and void and that it has not conferred jurisdiction on this court and therefore to dismiss any appeal understood to have been taken in this matter."

The motions were filed as the first document relative to civil appeals Nos. 4542 and 4543 and the 9th of the following April was set for their hearing.

On that day A. Marín Marién appeared in both cases as counsel for the plaintiffs, J. Tous Soto appeared as counsel for the defendant-appellants in appeal No. 4542 and P. Amado Rivera appeared for defendants María and Severo Candelario in appeal No. 4543. All of them argued orally and several documents were exhibited.

Later attorneys Marín and Tous filed memorandums of authorities in support of their respective positions.

Such confusion is lamentable, but we do not believe it to be sufficient to justify dismissal of the only appeal submitted to our consideration and which served as a basis for the two motions of the plaintiffs. That appeal corresponds to case No. 4542.

In the district court the plaintiffs brought two actions of revendication of real property, one against the heirs of Brigido Candelario which was filed under No. 1860 and the other against José Pérez and his wife Camelia Paoli and Hernández Brothers filed under No. 1879. The two actions were joined for the purposes of the trial and both were disposed of by two judgments in favor of the plaintiffs entered on January 18, 1928.

The following document was delivered to the clerk of the trial court:

"IN THE DISTRICT COURT FOR THE JUDICIAL DISTRICT OF SAN JUAN. —Rosa, Juana, Belén, Mercedes, Adela and María Carreras y Freyres, PLAINTIFFS, v. José E. Pérez and his wife Camelia Paoli, and Hernández & Brothers, DEFENDANTS.—Civil No. 1860.—Revendication of Real Property. Civil No. 1879.—Revendication of Real Property.—Notice of APPEAL.—To the Clerk of this Court and to attorney Alberto Marín Marién, counsel for the plaintiffs, San Juan, P. R. —The defendants herein José E. Pérez and his wife Camelia Paoli and Hernández & Brothers appear through the undersigned attorneys and NOTIFY YOU that feeling aggrieved by the judgment rendered by this Court on January 13, 1928, dismissing the complaint filed herein, entered and notified on January 18, 1928, THEY APPEAL THEREFROM AND FROM ALL ITS PRONOUNCEMENTS to the Supreme Court of Porto Rico.—San Juan, P. R., February 17, 1928. Signed: José Tous Soto.—Joaquina Pérez Cordero. Attorneys for defendants José E. Pérez and his wife Camelia Paoli and Hernández & Brothers.—Received copy. February 17, 1928. Signed: A. Marín Marién for the Plaintiffs.—(Filed) L. V. O.—February 17, 1928, Luis Vergne Ortiz, Clerk."

The clerk attached it to case No. 1860. Some days later the appellants appeared and presented to the court a motion which reads as follows:

"1.—That in the present case defendants José E. Pérez and his wife Camelia Paoli and Hernández Brothers appealed in due time and form from the judgment rendered in this case.

"2.—That the notice of appeal bears the titles of the two cases consolidated for the trial, that is, the present case and that of Rosa, Juana, Belén, Mercedes, Adela and María Carreras y Freyres v. The Heirs of Brígido Candelario, consisting of his legitimate children María and Severo Candelario y Becerril, No. 1860. Said appeal was taken expressly in the names of the two defendants in this case, designating them by their names and thus unmistakably identifying the case in which appeal was taken.

"3.—That the clerk erroneously attached the notice of appeal to the record of case No. 1860, of Rosa, Juana, Belen, Mercedes, Adela and María Carreras y Freyres v. The Heirs of Brígido Candelario, consisting of María and Severo Candelario y Becerril, Defendants.

"4.—That we pray the Court to order that the notice of appeal be detached from record No. 1860 and attached to that of the case in which we appear.—San Juan, P. R., February 24, 1928.—Signed: Joaquina Pérez Cordero and José Tous Soto, attorneys for defendant-appellants José E. Pérez, Camelia Paoli and Hernández & Brothers."

The court sustained the motion and the clerk detached the notice and attached it to the record in case No. 1879.

The plaintiff-appellees contend that the notice shows on its face that the appeal was meant to be taken in both cases, in which case, as only one internal revenue stamp had been affixed to the notice and canceled, the notice is not valid according to the law and the jurisprudence of this court stated in Nazario v. Santos, 27 P.R.R. 83, and Paz v. Bonet, 30 P.R.R. 860.

They also contend that the said notice is not valid and therefore the appeal should be dismissed because it is so confused that it does not inform them of the intention of the appellants and they were compelled to present their memoranda of costs in both cases, not knowing with certainty in which of the two cases the appeal had been taken. Among others they make the following citation:

"The object of notice of appeal is to impart information to the opposing party of the intention to appeal, and what specific judg-

ment or order. is appealed from. If the notice is sufficiently explicit in these particulars and does not mislead the respondent, it should be held sufficient.'' 2 Cal. Jur. 318.

The cases of *Nazario* and *Paz, supra,* are not applicable. Nor does the California jurisprudence cited, with whose principles we are in complete agreement, support the position of the appellees.

Although it is true that the notice bears the titles of both cases, it may be deduced from the body of it that the appeal was taken in only one of them. The error was due undoubtedly to the fact that there was only one trial.

It is stated in the notice that the appellants are José Pérez and his wife and Hernández Brothers, who were the defendants in action No. 1879, and that they appeal from the judgment rendered in *the case* which was entered and notified to the said defendants on January 18, 1928. The question was raised later before the court by the appellants and was duly explained. No prejudice could have been suffered by the plaintiffs.

They insist that the appeal should be dismissed for another reason. They question that the notice of appeal was delivered to the clerk on February 17, the last day of the time allowed for appealing and contend that it was filed on the 18th.

We have examined carefully all of the documents presented and the arguments of the parties and although it is necessary to admit that those of the plaintiffs have some foundation, we believe that they are not sufficient to overcome the express statements from the clerk in the notice of appeal and later in the docket.

The appellees admit that the notice was served on them on February 17 and conclusive evidence has been submitted that the internal revenue stamp was bought on that day. The contradictory certificate prepared by the attorney for the appellees and signed by the deputy clerk of the court was satisfactorily explained. Although the good practice, which

should be followed in all cases in order to prevent conflicts such as that under consideration, is to enter the notice of appeal in the docket immediately, what is really required by law is the delivery of the notice to the clerk, and here the clerk noted and has certified that the notice was delivered to him on February 17.

Therefore, under no aspect from which the case may be considered should the appeal taken in suit No. 1879 of the district court be dismissed. The motion of the appellees must be overruled.

What resolution should be adopted with relation to the motion filed in this Supreme Court under case No. 4543? For the present it seems to us that the motion should be overruled also, leaving the register open in case the interested party is taking steps for an appeal. After a reasonable time, if the appeal is not brought up the secretary will cancel the entry.

Mr. Justice Texidor took no part in the decision of this case.